**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

CHRISTOPHER LEE McBEE,          :
                                :
                Petitioner,     :
                                :
        vs.                     :          CIVIL ACTION NO. CV205-045
                                :
UNITED STATES OF AMERICA,       :          (CASE NO. CR295-6)
                                :
                Respondent.     :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Christopher McBee ("McBee"), an inmate currently incarcerated at the United States Penitentiary in Florence, Colorado, has filed a motion pursuant to 18 U.S.C.A. § 3582(c)(2) for modification of the sentence he received in this Court. The Government has responded to said motion, and McBee has filed a Reply. For the reasons which follow, McBee's motion should be **DENIED**.

## STATEMENT OF THE CASE

McBee pleaded guilty to: bank robbery, in violation of 18 U.S.C.A. §§ 2113(a) and (d); use of a firearm during the commission of a violent felony, in violation of 18 U.S.C.A. § 924(c)(1); and possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1), in Case Number CR295-6 on April 13, 1995. (CR295-6, Dkt. Entry No. 57.) The Court sentenced McBee to 300 months' imprisonment on Count 1; 60 months' imprisonment on Count 2 , to be served consecutively with Count 1; and 60 months' imprisonment on Count 3, to be served concurrently with Counts 1 and 2. (CR295-6, Dkt. Entry No. 70.) McBee filed a Notice of Appeal, and on May 15, 1997, the Eleventh Circuit

Court of Appeals' judgment to affirm McBee's conviction and sentences was issued as a mandate. (CR295-6, Dkt. Entry No. 100.) McBee then filed an out-of-time motion to vacate, modify, or set aside his sentence pursuant to 28 U.S.C.A. § 2255 on January 26, 1999. On September 17, 1999, the undersigned recommended dismissal of McBee's motion as having been untimely filed. The Court adopted the undersigned's Report and Recommendation as the opinion of the Court, and McBee's motion was dismissed on September 29, 1999. The Eleventh Circuit Court of Appeals denied McBee's motion for certificate of appealability on March 21, 2000.

In the instant motion, McBee contends that he had a base offense level of 27 and a criminal history category of V, which dictated a sentencing range of 120 to 150 months' imprisonment as to Count 1 of the indictment. However, McBee asserts, the Court concluded that McBee's sentence should be enhanced to 300 months' imprisonment as to this Count based on facts not reflected in the indictment or admitted to by McBee. McBee asserts that, as a result, the sentence he received is erroneous in light of the recent Supreme Court decisions in <u>Blakely v. Washington</u>, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), and <u>United States v. Booker</u>, ___ U.S. ____, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005).

## DISCUSSION AND CITATION TO AUTHORITY

The Government alleges that McBee's motion is a second or successive § 2255 motion and should be dismissed because the Eleventh Circuit Court of Appeals has not granted McBee permission to file a second or successive section 2255 motion. McBee avers that he is seeking a modification of his sentence, and, as such § 3582(c)(2) is the appropriate section under which to analyze his claims.

2

McBee has styled his motion as being filed pursuant to section 3582(c)(2), and the Court declines to re-characterize his motion as having been brought pursuant to § 2255. Pretermitting a determination of whether McBee's motion is a second or successive motion filed pursuant to section 2255, § 3582(c)(2) does not provide McBee's requested relief.

According to § 3582(c)(2), a court may be permitted to modify a sentence:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C.[A.] 994(o)[1], upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582(c)(2). The sentencing guideline range for a defendant sentenced under 18 U.S.C.A. §§ 2113(a) and (d) has not been lowered by the Sentencing Commission pursuant to section 994(o). The Supreme Court's decisions in Blakely and Booker undoubtedly have had an effect on the Sentencing Guidelines. See United States v. Magluta, ___ F.3d ___, 2005 WL 1750143, *13 (11th Cir. July 27, 2005) (noting that Booker effectively rendered the Sentencing Guidelines advisory). However, the Sentencing Commission has not lowered the sentencing range applicable to the bank

---

[1] The Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section. In fulfilling its duties and in exercising its powers, the Commission shall consult with authorities on, and individual and institutional representatives of, various aspects of the Federal criminal justice system. The United States Probation System, the Bureau of Prisons, the Judicial Conference of the United States, the Criminal Division of the United States Department of Justice, and a representative of the Federal Public Defenders shall submit to the Commission any observations, comments, or questions pertinent to the work of the Commission whenever they believe such communication would be useful, and shall, at least annually, submit to the Commission a written report commenting on the operation of the Commission's guidelines, suggesting changes in the guidelines that appear to be warranted, and otherwise assessing the Commission's work. 28 U.S.C.A. § 944(o).

AO 72A
(Rev. 8/82)

robbery offenses (Count 1 of the indictment) for which McBee was convicted. McBee is not entitled to his requested relied pursuant to § 3582(c)(2).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that McBee's motion for modification filed pursuant 28 U.S.C.A. § 3582(c)(2) be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this _____8ᵗʰ_____ day of August, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4

# United States District Court
## Southern District of Georgia

CHRISTOPHER LEE MCBEE

)

vs            )      CASE NUMBER   CV205-45   CR295-6

USA          )      DIVISION     BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1.    Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2.    That the aforementioned enveloped contained a copy of the document dated 8/8/05 , which is part of the official record of this case.

Date of Mailing:      8/8/05

Date of Certificate      ☒ same date,     or

Scott L. Poff, Clerk

By:    NITA ROSE

Deputy Clerk

Name and Address

AMY LEE COPELAND
CHRISTOPHER LEE MCBEE   U.S. PENITENTIARY   BOX 7000   FLORENCE, CO 81226

☐   Copy placed in Minutes
☐   Copy given to Judge
☐   Copy given to Magistrate